THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

Case No. _____

TOM HUSSEY PHOTOGRAPHY, LLC,

    Plaintiff,

v.

FREDERICK HART CO., Inc. d/b/a
COMPAC INDUSTRIES and d/b/a Brilliant
Oral Care,

    Defendant.

## COMPLAINT

Plaintiff Tom Hussey Photography, LLC ("Plaintiff") sues defendant Frederick Hart Co., Inc. d/b/a Compac Industries and d/b/a Brilliant Oral Care ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located in Dallas, Texas.

2. Defendant is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 4963 S Royal Atlanta Dr. Tucker, GA 30084. Defendant's agent for service of process is C T Corporation System, 289 S Culver St, Lawrenceville, GA, 30046.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff's principal/sole member (Tom Hussey) is a well-known and highly regarded photographer specializing in commercial advertising and lifestyle photography.

7. Respected industry wide for his lifestyle photography and admired for his lighting techniques, Mr. Hussey has worked on local, national, and international advertising/marketing campaigns during the course of his long career as a professional photographer.

8. Mr. Hussey has received numerous awards and accolades throughout his career, including several ADDY awards (from the American Advertising Federation), being named as one of the 'Top 10 Creatives in the World' by *Adweek Magazine*, being selected as one of the 'Top 200 Advertising Photographers Worldwide' by *Luerzer's Archive*, and having his work featured in the *Communication Arts Photography Annual*.

### II. The Work at Issue in this Lawsuit

9. From 2009 through 2012, Mr. Hussey created a series of highly conceptual

photographs titled "Reflections," showing elderly people looking pensively at their younger self-reflections in a mirror.

10.     The project was commissioned by Novartis in connection with a marketing campaign for the introduction of its new Alzheimer's drug called the Exelon Patch.

11.     To create the 'Reflections' photographs, Mr. Hussey worked with a multitude of adult models in both the New York City area and in Paris, France on four different photo shoots from 2009 through 2012.  Those photo shoots required multiple dates on location and dozens if not hundreds of hours in post-processing.

12.     The 'Reflections' series was so well-received that it won a Gold ADDY award from the American Advertising Foundation and all of the images were utilized as part of Novartis' ad campaign.

13.     Mr. Hussey published a total of approximately sixteen (16) photographs as part of the 'Reflections' series. One (1) of those photographs are the subject of this lawsuit.

14.     Mr. Hussey created a professional photograph of an elderly woman viewing her younger self in a mirror (titled "N-56-2282-Seamstress") (the "<u>Work</u>"). A copy of the Work is displayed below:



15.     The Work was registered by Mr. Hussey with the Register of Copyrights on February 8, 2011 and were assigned Registration No. VAu 1-057-381.  A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

16.     In 2019, Mr. Hussey executed an Assignment and Transfer of Copyrights that transferred all of his rights, title, and interest to all of Mr. Hussey's copyrights (including but not limited to the Work) to Plaintiff.

17.     As a result thereof, Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III.    Defendant's Unlawful Activities

18.     Defendant owns and operates an oral care product brand named Brilliant Oral Care.

19.     Defendant advertises/markets its business through its website (https://brilliantoralcare.com/), social media (e.g., https://www.facebook.com/brilliantoralcare,

https://www.instagram.com/brilliantoralcare/, and https://www.youtube.com/channel/UCYR-wo6WJ7A2ENsXO3RanHQ), and other forms of advertising.

20.     On June 6, 2022 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media as a means of advertising, promoting and/or marketing its business (https://brilliantoralcare.com/blogs/brilliant-choices/look-and-feel-20-years-younger/):



21.     A true and correct copy of screenshots of Defendant's website, webpage, and or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

22.     Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, and or social media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

23.     Defendant utilized the Work for commercial use.

24.     Upon information and belief, Defendant located a copy of the Work on the internet

and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

25. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in May 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

26. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

27. Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

28. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

29. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

30. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

31. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

32. By its actions, Defendant directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

33. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is not generally available for free or that such can simply be copied from the internet.

34. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

35. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

36. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

37. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

38. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

Dated: April 3, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
james@copycatlegal.com

By: /s/ James D'Loughy
    James D'Loughy, Esq.
    *Of Counsel*