IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOM HUSSEY PHOTOGRAPHY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FREDERICK HART CO., INC., d/b/a COMPAC INDUSTRIES, INC. and d/b/a, Brilliant Oral Care<br><br>    Defendant. | Case No. 1:25-cv-1769-TRJ<br><br>JURY TRIAL DEMANDED |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

In accordance with LR 16.2, NDGa., the Parties submit the Joint Preliminary Report And Discovery Plan.

**1.    Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff contends that the Complaint in this lawsuit asserts one count of copyright infringement against Defendant with respect to the alleged unauthorized copying and display of one (1) of Plaintiff's copyrighted photographs (the "Work"). The Complaint describes and attaches screenshots of Defendant's website, which published copies of the Work alongside articles.

Defendant contends that Plaintiff is a copyright troll who preys on, and sets traps for, innocent victims. As a result, this case is a lawsuit about whether Plaintiff

1

has any valid and enforceable copyright rights; whether Defendant infringed any valid and enforceable copyright rights that Plaintiff may have; whether Defendant's alleged use constitutes fair use; whether Defendant's alleged infringement was innocent and not willful, such that Plaintiff is at most entitled to $200.00 in damages in accordance with 17 U.S.C. § 504(c)(2); and whether Defendant is entitled to its attorneys' fees and costs pursuant to Fed. R. Civ. P. 68 and *Jordan v. Time, Inc.*, 111 F.3d 102 (11th Cir. 1997).

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff contends that Plaintiff is a Texas limited liability company, that Defendant is a Georgia corporation that owns and operates an oral care product brand named Brilliant Oral Care, and that Plaintiff alleges that Defendants utilized one (1) of Plaintiff's copyrighted photographs, by posting the photograph to Defendant's website.

Defendant contends that Plaintiff bears the burden of proving that Plaintiff has a valid and enforceable copyright; that Defendant infringed Plaintiff's valid and enforceable copyright; and that Plaintiff is entitled to damages. Defendant further contends that *if* Plaintiff has any valid and enforceable copyright rights, Defendant did not infringe the Plaintiff's copyright rights; Defendant's alleged use constitutes fair use; and/or Defendant's alleged infringement was innocent and not willful, such

that Plaintiff is at most entitled to $200.00 in damages in accordance with 17 U.S.C. § 504(c)(2).

**(c) The legal issues to be tried are as follows:**

The issues in the case are whether Plaintiff has a valid and enforceable copyright, whether Defendant copied a valid and enforceable copyright without any necessary permission from Plaintiff, whether Defendant has protection under fair use, whether Plaintiff had a valid and enforceable registration during the alleged infringement, whether Defendant's alleged infringement was innocent and not willful, whether Plaintiff is at most entitled to $200.00 in damages in accordance with 17 U.S.C. § 504(c)(2), and whether Defendant is entitled to its attorneys' fees and costs pursuant to Fed. R. Civ. P. 68 and *Jordan v. Time, Inc.*, 111 F.3d 102 (11th Cir. 1997).

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex

3

    \_\_\_\_\_ (4) Greater than normal volume of evidence
    \_\_\_\_\_ (5) Extended discovery period is needed
    \_\_\_\_\_ (6) Problems locating or preserving evidence
    \_\_\_\_\_ (7) Pending parallel investigations or action by government
    \_\_\_\_\_ (8) Multiple use of experts
    \_\_\_\_\_ (9) Need for discovery outside United States boundaries
    \_\_\_\_\_ (10) Existence of highly technical issues and proof
    \_\_\_\_\_ (11) Unusually complex discovery of electronically stored Information

The parties do not presently believe this case is complex.

**3.**     **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

James D'Loughy
COPYCAT LEGAL PLLC
111 N. University Drive, Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
Email: james@copycatlegal.com

**Defendant:**

Stephen R. Risley
Georgia Bar No. 606545
Kent & RISLEY LLC
5755 North Point Parkway, Suite 57
Alpharetta, Georgia 30022
Telephone: (404) 585-2101
Email: steverisley@kentrisley.com

**4.**     **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

____Yes __X__No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

The parties are not presently aware of any necessary parties who have not been joined.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

The parties do not presently anticipate any amendments to the pleadings.

**(b)** Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)** *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b)** *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c)** *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The Parties have agreed to serve their respective Initial Disclosures no later than July 18, 2025.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

At this time, no party requests a scheduling conference with the Court.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Plaintiff anticipates seeking discovery of Defendant's alleged use/display of the Work; Defendant's profits (if any) therefrom; Defendant's history of licensing, photographs/policies and procedures concerning the same.

Defendant anticipates seeking discovery of Plaintiff's alleged copyright rights and the creation and filing(s) related thereto; Plaintiff's license agreements; Plaintiff's settlement agreements; Plaintiff's monitoring/policing policy; Plaintiff's alleged damages; Plaintiff's damages theories; and Plaintiff's alleged evidence of

7

willful infringement. Defendant reserves that right to seek discovery on other topics and the case develops.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

N/A.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

_____ Yes ___X____ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

N/A

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g.,**

paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

   N/A

   In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **Other Orders:**

   What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

   The Parties do not presently request any other orders under Rules 26(c), 16(b), or 16(c).

13. **Settlement Potential:**

   **(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on** June 6, 2025**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

   **For plaintiff: Lead counsel (signature):** __/s/ James D'Loughy_____

   **Other participants:** Lauren Hausman

   **For defendant: Lead counsel (signature):** __/s/ Stephen R. Risley_____

   **Other participants:** None.

   **(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

   (____) **A possibility of settlement before discovery.**
   (__X__) **A possibility of settlement after discovery.**
   (_____) **A possibility of settlement, but a conference with the judge is needed.**

9

(_____) **No possibility of settlement.**

**(c) Counsel (__X___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is not presently scheduled.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

The parties are presently too far apart on settlement terms.

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.**

**(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.**


| | |
|---|---|
| */s/ James D'Loughy* | */s/ Stephen R. Risley* |
| James D'Loughy | Stephen R. Risley |
| COPYCAT LEGAL PLLC | Georgia Bar No. 606545 |
| 3111 N. University Drive, Suite 301 | Kent & RISLEY LLC |
| Coral Springs, FL 33065 | 5755 North Point Parkway, Suite 57 |
| Telephone: (877) 437-6228 | Alpharetta, Georgia 30022 |
| Email: james@copycatlegal.com | Telephone: (404) 585-2101 |
| | Email: steverisley@kentrisley.com |
| | |
| Counsel for Plaintiff | Counsel for Defendant |

* * * * * * * * * * * *

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE