IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOM HUSSEY PHOTOGRAPHY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FREDERICK HART CO., INC., d/b/a COMPAC INDUSTRIES, INC. and d/b/a, Brilliant Oral Care <br><br> Defendant. | Case No. 1:25-cv-1769-TRJ <br><br> JURY TRIAL DEMANDED |

### DEFENDANT'S NOTICE OF DISCOVERY DISPUTE AND DEFENDANT'S STATEMENT REGARDING THE SAME

Pursuant to LR 37, NDGa., and Judge Johnson's "Guidelines To Parties And Counsel In Civil Cases Proceeding Before The Honorable Tiffany R. Johnson" (hereinafter "Guidelines"), Defendant Frederick Hart Co., Inc. d/b/a Compac Industries, Inc. and d/b/a Brilliant Oral Care ("Hart") moves the Court for an Order compelling Plaintiff Tom Hussey Photography, LLC ("Hussey") to fully respond to Hart's discovery requests and cure the violations and deficiencies set forth below.

The undersigned called the Court's Chambers about how to proceed due to Hussey's failure to (1) respond to Hart's August 4, 2025 letter and (2) meet and confer with Hart in-person as required by Judge Johnson's Guidelines. The undersigned was advised to submit this filing as a non-joint filing. This filing

1

follows the statement order set forth at pages 17-18 of the Court's Guidelines. Hussey's responses and objections to Hart's documents requests are attached as Exhibit "A." Hussey's responses and objections to Hart's interrogatories are attached as Exhibit "B."

### Discovery Issue #1: No Bates Stamps and Not Organized by Request

**Hart's Position**: Hussey's RFP responses violate Judge Johnson's Guidelines because none of the documents produced by Hussey are Bates stamped and none are organized as responsive to a particular RFP. *See* Exhibit "A," Hussey's RFP Responses; *see also* ECF No. 9, Judge Johnson's "Guidelines To Parties And Counsel In Civil Cases Proceeding Before The Honorable Tiffany R. Johnson." Hussey therefore violated Judge Johnson's Guidelines, which provide:

> All documents should be Bates-numbered or labeled with a unique identifier on each page. Documents should be produced either (1) with labels corresponding to the categories in the specific requests to which they respond, or (2) in a format where it is clear which document is responsive to each particular request.

*Id*. at 15.

**Hussey's Response**: None.

2

**Discovery Issue #2: Improper General Objections**

**Hart's Position**: Hussey's RFP responses violate Judge Johnson's Guidelines because they contain a separate section entitled "General Objections." *See* Exhibit "A," Hussey's RFP Responses at 10-10 (*sic* 1-2).  Hussey's "General Objections" violate Judge Johnson's Guidelines. *See* ECF No. 9 at 13.

**Hussey's Response**: None.

**Discovery Issue #3: Hussey's responses to Hart RFP Nos. 1-11 further violate Judge Johnson's Guidelines because they contain objections, but fail to state "whether the response is complete" and "whether additional information or documents would have been provided but for the objection(s)."**

**Hart's Position**: Hussey's responses to Hart RFP Nos. 1-11 further violate Judge Johnson's Guidelines because they contain objections, but fail to state "whether the response is complete" and "whether additional information or documents would have been provided but for the objection(s)." *See* Exhibit "A," Hussey's RFP Responses at 10-10 (*sic* 2-5); *see also* ECF No. 9 at 13-14.

**Hussey's Response**: None.

**Discovery Issue #4: Objections based on "privileged information"**

**Hart's Position**: Hussey's responses to Hart RFP Nos. 9 and 11 violate Judge Johnson's Guidelines because they contain objections based on "privileged

3

information." *See* Exhibit "A," Hussey's RFP Responses at 10-10 (*sic* 4-5).  Judge Johnson's Guidelines are clear:

> "If an objection is based on privilege, the claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity. In the case of a document, such a statement should specify the privilege relied on and include the date, title, description, subject, and purpose of the document, the name and position of the author, and the addresses of other recipients. In the case of a communication, the statement should include the privilege relied on and the date, place, subject, and purpose of the communication and the names and positions of all persons present. See FED. R. CIV. P. 26(b)(5)."

*See* ECF No. 9 at 15.  Hussey's responses to Hart's RFP Nos. 9 and 11 fail to contain any of the required information. *See* Exhibit "A," Hussey's RFP Responses at 10-10 (*sic* 4-5).

**Hussey's Response**: None.

### Discovery Issue #5: Hussey Failed To Produce Any Licensing Information Or Licenses

**Hart's Position**: Even though Hussey's Initial Disclosures admit that Hussey intends to rely on "4. Prior licensing information with respect to Plaintiff's professional photography," Hussey failed to produce any "licensing information" and Hussey further failed to produce a single license.  This is particularly egregious because Hart's RFP No. 12 expressly requested "All documents and things identified in Plaintiff's Initial Disclosures;" Hart's RFP No. 1 expressly requested "Plaintiff's license agreements;" and Hart's RFP No. 2 expressly requested

4

"Plaintiff's agreements relating to Registration No. VAu 1-057-381." *See* Exhibit "A," Hussey's RFP Responses at 10 and 10 (*sic* 2 and 5).  Hart is entitled to this information so that it can prepare its case and proceed with additional discovery.

**Hussey's Response**: None.

### Discovery Issue #6: Hussey Failed To Produce Any Unlicensed Use By A Third Party

**Hart's Position**: Even though Hussey has and continues to sue third parties that have allegedly violated Hussey's copyright rights, Hussey failed to produce a single document responsive to Hart's RFP No. 3, which requests "Documents and things relating to any use of the 'Work' by any unlicensed third party" and Hart's RFP No. 4, which requests "Documents and things relating to any use of Registration No. VAu 1-057-381 by any unlicensed third party." *See* Exhibit "A," Hussey's RFP Responses at 10-10 (*sic* 2-3).  These RFPs cover any use by a third party that Hussey contends was unlicensed and any lawsuit Hussey filed against any third party for any alleged unlicensed use. *Id*.  Hart is entitled to this information so that it can prepare its case and proceed with additional discovery.

**Hussey's Response**: None.

## **Discovery Issue #7: Hussey Failed To Produce Any Documents Regarding Actual Damages**

**Hart's Position**: Even though Hussey's Initial Disclosures state that Hussey may seek "actual damages" and Hart RFP No. 10 expressly requested "All documents and things relating to Plaintiff's claim for damages," Hussey failed to produce any damages related documents and things. *See* Exhibit "A," Hussey's RFP Responses at 10-10 (*sic* 4-5). Hart is entitled to this information so that it can prepare its case and proceed with additional discovery.

**Hussey's Response**: None.

## **Discovery Issue 8: Hussey's Deficient Response to Hart Interrogatory No. 1**

**Hart's Position**: Hart interrogatory number 1 asks Hussey to "State in detail the factual and evidentiary bases for Plaintiff's claim for damages." *See* Exhibit "B," Hussey's Responses And Objections To Hart's Interrogatories at 1-2. As Hussey's Initial Disclosures state that Hussey may seek "actual damages," Hart is entitled to know the factual and evidentiary bases for Hussey's claim of actual damages, if any.

**Hussey's Response**: None.

**Discovery Issue #9: Hussey's Deficient Response to Hart Interrogatory No. 2**

**Hart's Position**: Hart interrogatory number 2 asks Hussey to "State in detail the factual and evidentiary bases for Plaintiff's claim for attorneys' fees." *See* Exhibit "B," Hussey's Responses And Objections To Hart's Interrogatories at 2. Although Hussey's response references "Defendant's conduct," Hussey failed to provide any factual or evidentiary details about "Defendant's conduct." *Id*. Hart is entitled to know the factual and evidentiary bases of "Defendant's conduct" that allegedly could warrant attorneys' fees.

**Hussey's Response**: None.

**Discovery Issue #10: Hussey's Deficient Response to Hart Interrogatory No. 3**

**Hart's Position**: Hart interrogatory number 3 asks Hussey to "State in detail the factual and evidentiary bases for Plaintiff's allegation that Defendant committed willful copyright infringement." *See* Exhibit "B," Hussey's Responses And Objections To Hart's Interrogatories at 2. Although Hussey's response states, in pertinent part, that Hart had "actual knowledge or reckless disregard," Hussey failed to provide any evidence of Hart's "actual knowledge or reckless disregard" of Hussey's copyright rights. *Id*. at 2-3. Hart is entitled to know this information so that it can prepare its case and proceed with additional discovery.

**Hussey's Response**: None.

7

**Discovery Issue #11: Hussey's Deficient Response to Hart Interrogatory No. 4**

**Hart's Position**: Hart interrogatory number 4 asks Hussey to "Describe and provide a narrative answer regarding Plaintiff's efforts, if any, to police and enforce its copyright rights." *See* Exhibit "B," Hussey's Responses And Objections To Hart's Interrogatories at 4.  Although Hussey provided a generic response, Hussey's response does not specifically state Hussey's efforts regarding the copyright rights asserted by Hussey in this lawsuit, namely the copyright registration of the "Work" referenced in paragraphs 14, 15, and 20 of the Complaint. *Id*.  Hart is entitled to know this information so that it can prepare its case and proceed with additional discovery.

**Hussey's Response**: None.

**Discovery Issue #12: Hussey's Deficient Response to Hart Interrogatory No. 5**

**Hart A's Position**: Hart interrogatory number 5 asks Hussey to "Describe and provide a narrative answer regarding Plaintiff's knowledge of the display of the 'Work,' as that term is defined in the complaint, without any form of copyright notice." *See* Exhibit "B," Hussey's Responses And Objections To Hart's Interrogatories at 4.  Hussey's response, in pertinent part, states that "The exact way in which the Work came to be displayed by Defendant is information

Defendant would know." *Id*. at 4-5.  Hart's interrogatory requests a narrative response regarding Hussey's facts and evidence relating to Hart's alleged knowledge of the display of the "Work," not merely the "exact way" the "Work" was displayed. *Id*.  If Hussey has any responsive information, Hart is entitled to know this information.

**Hussey's Response**: None.

**Discovery Issue #13: Hussey's Deficient Response to Hart Interrogatory No. 6**

**Hart's Position**: Hart interrogatory number 6 asks Hussey to "Describe and provide a narrative answer regarding Plaintiff's creation of the 'Work,' as that term is defined in the complaint." *See* Exhibit "B," Hussey's Responses And Objections To Hart's Interrogatories at 5.  Hussey's response fails to provide any information about how Hussey created the "Work."  At best, Hussey's response provides an incomplete response regarding "why" the "Work" was created, but Hussey's response fails to state how Hussey created the "Work." *Id*.  Hart is entitled to know how the "Work" was created, where the idea for the "Work" came from, when, who was involved, who did what, etc.

**Hussey's Response**: None.

Respectfully submitted, this 15th day of August, 2025.

                                       */s/ Stephen R. Risley*

                                       Stephen R. Risley
                                       Georgia Bar No. 606545
                                       KENT & RISLEY LLC
                                       5755 North Point Parkway, Suite 57
                                       Alpharetta, GA 30022
                                       Telephone: (404) 585-2101
                                       Facsimile: (678) 389-9402
                                       Email: steverisley@kentrisley.com

                                       Attorneys for Defendant
                                       Frederick Hart Co., Inc. d/b/a
                                       Compac Industries, Inc. and
                                       d/b/a Brilliant Oral Care

## **CERTIFICATION OF COUNSEL**

The undersigned certifies that Hart attempted to meet and confer with Plaintiff several times, including:

(1) Hart's August 4, 2025 letter, which outlines the above-described discovery disputes, and which asked for a response to the letter by August 8, 2025;

(2) Hart's August 9, 2025 email, which asked to meet and confer in-person with Plaintiff since Plaintiff did not respond to Hart's August 4, 2025 letter;

(3) Hart's August 11, 2025 email, which again requested an in-person meet and confer with Plaintiff;

(4) Plaintiff's August 11, 2025 email, which states "We are in Florida, so we are happy to get on a Zoom call with you to meet and confer. Can you provide some dates/times that work for you?;"

(5) Hart's August 12, 2025 email, which states:

> This email is Hart's **fourth attempt** to resolve the discovery disputes first raised in Hart's August 4, 2025 letter to Hussey.
>
> Judge Johnson's Guidelines require an **in-person** meeting. And since Mr. D'Loughy is the only attorney of record for Hussey who has filed an appearance in this case, it needs to be him, not you.
>
> Please let me know today what day this week is best for the **in-person** meeting.

(6) Plaintiff has not responded to Hart's August 12, 2025 email.

11

*/s/ Stephen R. Risley*

Stephen R. Risley
Georgia Bar No. 606545
KENT & RISLEY LLC
5755 North Point Parkway, Suite 57
Alpharetta, GA 30022
Telephone: (404) 585-2101
Facsimile: (678) 389-9402
Email: steverisley@kentrisley.com

Attorneys for Defendant,
Frederick Hart Co., Inc. d/b/a
Compac Industries, Inc. and
d/b/a Brilliant Oral Care

## CERTIFICATE OF SERVICE

In accordance with LR 5.1(A)(3) I hereby certify that on this 15th day of August, 2025, I caused a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF DISCOVERY DISPUTE AND DEFENDANT'S STATEMENT REGARDING THE SAME** to be served via the Court's CM/ECF system on the following counsel of record for Plaintiff:

James D'Loughy, Esq.
COPYCAT LEGAL PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
Email: james@copycatlegal.com

*Attorneys for Plaintiff, Tom Hussey Photography, LLC*

/s/ Stephen R. Risley

Stephen R. Risley
Georgia Bar No. 606545
KENT & RISLEY LLC
5755 North Point Parkway, Suite 57
Alpharetta, GA 30022
Telephone: (404) 585-2101
Facsimile: (678) 389-9402
Email: steverisley@kentrisley.com

Attorneys for Defendant,
Frederick Hart Co., Inc. d/b/a
Compac Industries, Inc. and
d/b/a Brilliant Oral Care